IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARGARET J. ISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-640-PMF |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND OPINION**

**FRAZIER, Magistrate Judge:**

Plaintiff, Margaret J. Ison, seeks judicial review of a final decision of the Commissioner of Social Security denying her May, 2000, application for disability benefits. The application was denied following an administrative determination that Ms. Ison was not disabled. That decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ). Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether

the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiff's claim through Step 4 of the sequential analysis. He concluded that plaintiff's serious medical conditions significantly interfered with her ability to perform basic work activities but do not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that despite her impairments, plaintiff retained the ability to lift and carry items weighing 10 pounds frequently and 20 pounds occasionally; push and pull within those limitations; occasionally climb, balance, stoop, kneel, crouch, and crawl; and use her arms and hands to perform gross and fine manipulation. She needed a sit/stand option at her workstation, to avoid ascending and descending stairs, heights, moving machinery, and vibrations; and a relatively clean work environment. The ALJ decided that plaintiff was not disabled because she was able to return to her former occupation as a receptionist (R. 13-19).Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of

fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

### I.     Evaluation of Pain Testimony

Plaintiff argues that the Commissioner's final decision should be reversed because the ALJ improperly discredited her testimony that she experienced constant, severe pain in her left leg and ankle. Plaintiff argues that, in part, the ALJ decided to reject this testimony by mischaracterizing her medication. Defendant argues that the ALJ reasonably determined that plaintiff's pain medication was not being used for severe pain.

When ALJs evaluate subjective complaints that are not supported by objective medical evidence, they consider a number of factors in deciding whether the pain alleged is a significant factor in the claimant's alleged inability to work, including the dosage and effectiveness of pain medication. 20 C.F.R. § 404.1529(c)(3). Remand is warranted when medical evidence that supports a claim of disability is mischaracterize. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

Plaintiff took a variety of medications during the time she claimed to be disabled (R. 77, 86, 135, 136, 145, 150, 161, 162, 163, 169, 170, 176, 177, 180, 182). At various times, she treated her pain medically with Aspirin, Darvocet, Vicoden, Lortab, and Indocin (R. 77, 86, 145, 163, 176, 177, 178, 180, 182). The prescription pain medicines were prescribed on occasion. Darvocet was prescribed when plaintiff was discharged from the hospital following coronary artery bypass surgery (R. 145). In May, 2000, Dr. Gordon issued one non-refillable prescription for Vicoden after plaintiff described lower back pain (R. 161). In August, he issued one non-refillable prescription for Lortab after plaintiff described leg pain (R. 163). Records from January and February, 2001, show that plaintiff was not taking prescribed pain medicine (R. 169, 176). During that period, Dr. Leung wrote that plaintiff appeared to be experiencing mild pain (R. 170).

On February 12, 2002, Dr. Adams evaluated plaintiff's subjective complaints, stating that she described intermittent, sharp bilateral big toe pain. He conducted a clinical exam - without significant

findings - formed the impression that plaintiff suffered from foot pain, and wrote a prescription for Indocin (R. 182).

Indocin (the brand name for indomethacin) belongs to a class of medication known as nonsteroidal anti-inflammatory drugs (NSAIDs). Doctors typically use these drugs to treat swelling, stiffness, and pain caused by a variety of ailments and soft tissue injuries, including rheumatoid arthritis, ankylosing spondylitis, gouty arthritis and gout attacks, osteoarthritis, tendinitis, bursitis, sprains, strains, and menstrual cramps. *Physician's Desk Reference* 2013 (57th ed. 2003); Mayo Foundation for Medical Education and Research, *Drugs & Supplements* (March 30, 2006) <http://www.mayoclinic.com/health/drug-information/DR202743>.

On March 13, 2002, plaintiff described constant pain in her left leg, foot, and ankle, rating the pain at a "7" or "8" on a ten-point scale. She thought Dr. Adams prescribed Indocin to help alleviate swelling (R. 196, 198).

The ALJ evaluated plaintiff's testimony and decided that she exaggerated the extent of her subjective symptoms. One factor considered was that Indocin, her only pain medication, is not used to treat severe pain (R. 16).

Assuming that doctors do sometimes prescribe Indocin to treat severe pain, the record does not suggest that Dr. Adams prescribed the drug for that purpose. Moreover, when Dr. Adams' decision to give plaintiff one prescription of Indocin is viewed in context, it does not compel a finding that plaintiff's overall medication history supports her subjective complaints of constant, severe pain. Considering the record as a whole, the Court is not persuaded that the ALJ's characterization of Indocin is an error warranting reversal or remand for further proceedings.

**II.    New Evidence**

Plaintiff also argues that the Commissioner's final decision should be evaluated in light of a

diagnostic imaging report showing that plaintiff has marked degenerative disc disease at the L2-L3 disc space. Defendant argues this evidence does not support a § 405(g) order remanding plaintiff's case.

Plaintiff relies on Rule 60(b)(6), which permits this Court to relieve a party from a final judgment in some circumstances. As the Seventh Circuit Court of Appeals recognized in *Eads v. Secretary of Dept. Of Health and Human Services*, 983 F.2d 815, 817 (7th Cir. 1993), Rule 60(b) is the vehicle for reexamination of federal court decisions. The counterpart in the social security system is a petition to reopen.

The Appeals Council declined to consider the diagnostic imaging report with plaintiff's request for review (R. 4). However, if plaintiff believes that her application should be considered in light of the diagnostic report, she may ask the Social Security Administration to reopen her case. This Court will not review the ALJ's decision in light of medical evidence that was not part of the record when the ALJ resolved the claim. *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994).

Any request for a remand under sentence six of 42 U.S.C. § 405(g) is underdeveloped, as there is no discussion of the diagnostic imaging report in light of the applicable legal standard (new, material, good cause). Accordingly, that argument is deemed waived. *Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534, 537 (7th Cir. 1992)(a court "need not devote its time to discussion of an argument raised, if at all, in a very opaque manner"). Moreover, because the diagnostic imaging report describes plaintiff's medical condition more than 20 months after the decision was made, it is not likely to alter the outcome.

### III. Conclusion

The Commissioner's final decision denying Margaret J. Ison's May, 2000, application for

disability benefits is AFFIRMED.

      **SO ORDERED:**   **March 31, 2006**  .

                                          *s/Philip M. Frazier*
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**